UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TIAYON KARDELL EVANS, | ) | CASE NO. 4:13 CV 0010 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| BENITA Y. PEARSON, Judge, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On January 3, 2013, plaintiff *pro se* Tiayon Kardell Evans, an inmate at the Federal Correctional Institution at Elkton, filed this civil rights action against Northern District of Ohio United States District Judge Benita Y. Pearson. The complaint alleges Judge Pearson dismissed Case No. 4:12 CV 2579, an action filed by Evans under 28 U.S.C. § 2241, but lacked jurisdiction to do so. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000)

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Even liberally construed, the complaint does not contain allegations reasonably suggesting

plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Indeed, the complaint filed by Evans appears to be patently frivolous, asserting without any basis whatsoever that Judge Pearson lacked jurisdiction as an Article III judge to deny his habeas petition in Case No. 4:12 CV 2579.

Accordingly, this action is dismissed under section 1915A. Plaintiff is forewarned that if he files any more frivolous actions in this court, he may be enjoined from filing cases here unless he obtains leave of court. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


January 18, 2013                        S/John R. Adams
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE